IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLIFFORD A. DODDS,
No. 23070-031,

       Petitioner,

vs.

                                          Case No. 18–cv–0584-DRH

T.G. WERLICH,

       Respondent.

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

      Petitioner Clifford Dodds is currently incarcerated in the Federal Correctional Institution located at Greenville, Illinois ("FCI-Greenville"). Dodds brings this habeas corpus action pursuant to 28 U.S.C. § 2241, in order to challenge his sentence in *United States v. Dodds*, No. 13-cr-20043-CM-1 (D. Kan. 2013). He purports to rely on *Mathis v. United States*, 579 U.S. —, 136 S. Ct. 2243 (2016), and *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015). This matter is now before the Court for review of the § 2241 Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

1

## I. Background

In 2013, Dodds was charged with numerous federal drug and firearm offenses. *See United States v. Dodds*, No. 13-cr-20043-CM-1 (D. Kan. 2013) ("criminal case"). He entered into a written plea agreement with the government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). (Doc. 1, pp. 1-2; Doc. 42, criminal case). Dodds agreed to plead guilty to Count 9 for possession with intent to distribute 28 grams or more of cocaine base within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), and 860(a), and Count 10 for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). *Id*. The district court accepted the Rule 11(c)(1)(C) agreement on January 24, 2014. (Doc. 42, criminal case).

According to presentence report ("PSR"), Dodds qualified as a career offender under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1 (U.S. Sentencing Comm'n 2013), and he was subject to a sentence that ranged from 262 to 327 months. (Doc. 48, criminal case). However, Dodds was not sentenced as a career offender under U.S.S.G. § 4B1.1. In the Rule (11)(c)(1)(C) agreement, both parties agreed that Dodds should be sentenced to 210 months of imprisonment followed by 8 years of supervised release. (Doc. 42, pp. 2-3, criminal case). The agreement states: "The parties are of the belief that the proposed sentence does not offend the now advisory sentencing guidelines, but because this proposed sentence is sought pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline

sentence." (Doc. 42, p. 3, criminal case). Consistent with the Rule 11(c)(1)(C) agreement, the district court imposed a 150-month sentence and 8 years of supervised release for the drug offense and a consecutive 60-month sentence for the firearm offense. (Doc. 54, criminal case).

Dodds waived his right to bring an appeal or collateral attack in the Rule 11(c)(1)(C) agreement:

> **9.** **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release). The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the Court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the Court departs upwards from the applicable sentencing guideline range determined by the Court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

(Doc. 42, pp. 4-5, criminal case).

On February 20, 2015, Dodds filed a motion to vacate his sentence under

28 U.S.C. § 2255 in the United States District Court for the District of Kansas. (Doc. 77, criminal case). He also filed a motion to amend the § 2255 motion on August 14, 2015. (Doc. 93, criminal case). Dodds challenged his conviction and sentence, based on the allegedly ineffective assistance of his counsel during the plea bargaining stage and his allegedly unconstitutional sentence as a career offender. Dodds asserted that his underlying criminal threat conviction did not qualify as a crime of violence triggering an enhanced sentence under *Johnson*, and his attempted fleeing and eluding conviction could not be used to enhance his sentence because it was not a felony. The government did not seek to enforce the waiver of Dodds' right to appeal or to bring a collateral attack in the Rule 11(c)(1)(C) agreement.

The district court denied the § 2255 motion. (Docs. 94 and 112, criminal case). The court initially held that Dodds' attorney was not ineffective for failing to object to the PSR's career offender designation because the court never decided whether Dodds was a career offender. (Doc. 94, criminal case). He was sentenced consistent with the Rule 11(c)(1)(C) agreement and not under the Sentencing Guidelines. *Id*. Therefore, Dodds suffered no prejudice from his designation as a career offender in the PSR. *Id*. The district court conducted a hearing on Dodds' remaining claim for ineffective assistance of counsel and determined that it lacked merit. (Doc. 112, criminal case). The court denied the § 2255 motion and declined to issue a certificate of appealability ("COA"). *Id*. The Tenth Circuit Court of Appeals also denied Dodds' application for a COA on

January 3, 2018. *United States v. Dodds*, — F. App'x —, 2018 WL 266736 (10th Cir. Jan. 3, 2018). The instant § 2241 Petition followed.

## II.     The Petition

In the § 2241 Petition, Dodds challenges the enhancement of his sentence as a career offender under the Sentencing Guidelines. (Doc. 1). Dodds claims that his underlying conviction in Kansas for a criminal threat no longer qualifies as a predicate offense under the Sentencing Guidelines and *Mathis*. (Doc. 1, pp. 3-9). He further argues that his Kansas conviction for attempted fleeing and eluding does not qualify as a predicate offense because it is not a felony or crime of violence under *Johnson*. (Doc. 1, pp. 9-12). He asks this Court to enter an order vacating his sentence and remanding the matter back to the United States District Court for the District of Kansas for resentencing. (Doc. 1, p. 12).

## III.     Discussion

Generally, a federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court that sentenced him. *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012); *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003); *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). Section 2241 applies to challenges to the fact or duration of confinement. *Id*. Here, Dodds is attacking his conviction and sentence, which points to § 2255 as the proper avenue for relief.

A prisoner may employ § 2241 to challenge his federal conviction or

5

sentence under limited circumstances. Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition, where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e); *Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion).

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F3d at 640. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. *Id*. Second, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively. *Id*. Finally, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Id*.

This Court has found that a collateral attack invoking *Mathis v. United States*, 579 U.S. —, 136 S. Ct. 2243, 2250 (2016), facially satisfies the three conditions which would allow consideration in a § 2241 proceeding under the

savings clause of § 2255(e). *See e.g., Hoskins v. Werlich*, No. 17-cv-652-DRH (S.D. Ill. July 28, 2017); *Wadlington v. Werlich*, No. 17-cv-449-DRH (S.D. Ill. July 17, 2017); *Davis v. USA*, 17-cv-379-DRH (S.D. Ill. June 14, 2017); *Warren v. Werlich*, No. 17-cv-84-DRH (S.D. Ill. Mar. 27, 2017). Even so, Dodds cannot proceed with his § 2241 Petition.

He explicitly waived the right to collaterally attack his conviction or sentence in his Rule 11(c)(1)(C) agreement. (Doc. 42, criminal case). There, Dodds "knowingly and voluntarily waive[d] any right to appeal or collaterally attack any matter in connection with this prosecution, [his] conviction, or the components of the sentence to be imposed (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release)." (Doc. 42, pp. 4-5). This waiver encompasses a collateral attack under § 2255 and is subject to limited exceptions for challenges based on ineffective assistance of counsel or prosecutorial misconduct. *Id*. In his § 2241 Petition, Dodds raises no such challenge. (Doc. 1). He also does not challenge his Rule 11(c)(1)(C) agreement or allege that the appeal waiver was involuntary or otherwise invalid. *Id*.

Where a guilty plea is entered knowingly and voluntarily, appeal waivers are enforceable. *Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016) (citing *United States v. Behrman*, 235 F.3d 1049, 1051 (7th Cir. 2000)). "The appeal waiver stands or falls with the plea agreement." *Id*. Further, a waiver of the right to challenge a conviction or sentence under § 2255 also bars a petition under

§ 2241 because the waiver does not render the remedy under § 2255 inadequate or ineffective. *Muse v. Daniels*, 815 F.3d 265 (7th Cir. 2016) (§ 2241 is a "form of collateral attack"). Moreover, a subsequent change in the law does not make an appeal waiver involuntary. *United States v. Vela*, 740 F.3d 1150, 1151 (7th Cir. 2014).

Besides this, the instant § 2241 Petition presents no claim under *Mathis* or *Johnson*. Dodds was not sentenced as a career offender under the Sentencing Guidelines. He entered into a Rule 11(c)(1)(C) agreement with the government. There, both parties agreed that a 210-month sentence for the federal drug and firearm offense "did not offend the now advisory sentencing guidelines," and that the sentence was sought pursuant to Rule 11(c)(1)(C). (Doc. 42, p. 3). The district court ultimately accepted the Rule 11(c)(1)(C) agreement and imposed a 210-month sentence and 8 years of supervised release consistent with the parties' proposal. (*Id*.). Dodds' attack on his sentence, based on the underlying state convictions for criminal threat and attempted fleeing and eluding under *Mathis* and *Johnson* are therefore meritless. The § 2241 Petition shall be dismissed.

### IV. Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is summarily **DISMISSED** with prejudice. Respondent **T. WERLICH** is also **DISMISSED** with prejudice.

Petitioner is **ADVISED** that this dismissal does not relieve him of his obligation to pay the full filing fee for this action.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* must set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for petitioner to obtain a certificate of appealability in an appeal from this petition brought under § 2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.04.06
16:09:31 -05'00'

**United States District Judge**